IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TANNER KEITH LOSSON,        §
#76140-509                  §
      Movant,            §
                           §
v.                          §    No. 3:25-CV-633-X
                           §    (No. 3:21-CR-529-X)
                           §
UNITED STATES OF AMERICA,    §
      Respondent.        §

### MEMORANDUM OPINION AND ORDER

Before the court is Movant Tanner Keith Losson's ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion").  Doc. 1.  Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

### I.    BACKGROUND

In 2023, Movant pleaded guilty to Possession of an Unregistered Firearm (Count 2), Possession with Intent to Distribute a Controlled Substance (Count 3), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 4).  Crim. Docs. 48-49.[1]  The court sentenced Movant to an aggregate sentence of 165 months' imprisonment—105 months on Counts 2 and 3 (at the high end of the 84-105 months guideline range) and a consecutive 60 months on Count 4.  Crim. Doc. 64.  Movant appealed but on March 13, 2024, the Fifth Circuit Court of Appeals dismissed the appeal based on Movant's motion.  Crim. Doc. 77.

On March 14, 2025, Movant filed this timely § 2255 motion raising one claim of ineffective assistance of counsel at sentencing— that counsel failed to investigate and move for a downward

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Losson*, 3:21-CR-529-X-1.  And all "Doc." citations refer to this § 2255 case.

departure based on reduced mental capacity under U.S.S.G. § 5K2.13.  Doc. 1 at 4-11.  The Government opposes § 2255 relief and Movant filed a reply.  Docs. 8-9.

## II.    LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Id.* at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and the defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  Simply making conclusory allegations of deficient performance and prejudice cannot meet the *Strickland* test.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  Moreover, to show prejudice in the sentencing context, the movant must show that the sentence was increased by the deficient performance of defense counsel.  *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### III.    ANALYSIS

Movant asserts his counsel rendered ineffective assistance in failing to (1) request supporting documents to establish his mental state at the time of the offense and (2) move for a downward departure based on reduced mental capacity under U.S.S.G. § 5K2.13.  Doc. 1 at 10-11; Doc. 9 at 9.  After his guilty plea and again after the filing of the Presentence Report ("PSR"), Movant allegedly informed counsel of his significant mental health disorders and asked him to request documents to support a motion for downward departure based on diminished capacity. Doc. 1 at 2, 8-9.  Movant asserts that his mental health condition, which was documented since his youth and later during his state incarceration, declined during the COVID-19 pandemic because he could not receive his psychiatric medications.  *Id.* at 5.  Movant states that his "[r]eality became flexible" and his "psychotic symptoms increased," and he also began self-medicating by "using an assortment of drugs."  *Id.* at 5-6.  Apparently, he also began carrying firearms for protection because of the drugs and violence at the apartment complex where he and his family resided.  *Id.* at 6.  Following his arrest, Movant acknowledges that his psychiatric medications were reinstated to treat symptoms of schizophrenia, bipolar disorder, and other psychotic conditions.  *Id.* at 7.

The PSR detailed Movant's mental health conditions—including "anxiety, hallucinations, psychosis, depression, schizophrenia, and bipolar disorder"—for which he was prescribed medications.  PSR ¶ 86.  In the sentencing brief, his counsel reiterated Movant's struggles and included letters from his father, detailing Movant's mental issues.  Crim. Doc. 60 at 1; Crim. Doc. 60-2 at 3.  Thus, at the sentencing hearing, the court was fully apprised of Movant's psychological history.

To the extent that Movant asserts counsel failed to adequately investigate his mental state at the time of the offense, he must demonstrate with specificity both what the investigation would have revealed and how it would have benefited him. *See United States v. Curtis*, 769 F.3d 271, 276-78. (5th Cir. 2014) (per curiam). He fails to do either. Indeed, Movant offers nothing beyond his sweeping statements that counsel "refused to contact the Texas Department of Corrections, [Movant's] high School, Metro Care, . . . Parkland Health Services" or his mother to confirm his mental health condition. Doc. 1 at 10; *see also* Doc. 9 at 6. Thus, Movant's failure-to-investigate claim is meritless.

As for the claim that counsel failed to move for a downward departure based on reduced mental capacity under U.S.S.G. § 5K2.13, Movant cannot meet his burden under *Strickland*. To obtain a "diminished capacity" departure under § 5K2.13, a defendant must establish that he (1) committed a non-violent offense, (2) while suffering from a significantly reduced mental capacity, (3) not caused by the voluntary use of drugs or other intoxicants; and that (4) his reduced capacity contributed to the commission of his offense, and (5) his criminal history does not indicate a need for incarceration to protect the public. *See United States v. Soliman*, 954 F.2d 1012, 1014 (5th Cir. 1992).

First, Movant has not pleaded sufficient facts to suggest that he "committed the offenses in question while suffering from a significantly reduced mental capacity." U.S.S.G. § 5K2.13. The Sentencing Guidelines define a "significantly reduced mental capacity" as a "significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.

U.S.S.G. § 5K2.13, Application Note 1.  Movant does not allege any of that.  Merely suffering from mental health issues, as detailed in his § 2255 motion and the PSR, does not suffice.

Second, considering his extensive criminal history, Movant had no chance of showing that his criminal history category of V did not demonstrate a need for incarceration to protect the public. The PSR summarized Movant's extensive criminal history—17 prior convictions with a pattern of criminal behavior starting as early as 16.  PSR ¶¶ 42-54, 122.  At the sentencing hearing, the government asked for a sentence at the high end of the guideline range because Movant was "a long-time criminal" who has not "been deterred by any of his past criminal sentences."  Crim. Doc. 75 at 9.

According to the probation officer, Movant's criminal history category under-represented the seriousness of his criminal history and warranted an upward departure.  PSR ¶ 122.  The court declined to vary upward, in part because of Movant's allocution, but found that a sentence at the high end of the guideline range was justified.  Crim. Doc. 75 at 19.  Based on the nature and circumstances of Movant's offenses, his overall criminal record and his history of non-compliant behavior, there can be little doubt that a substantial term of imprisonment was justified, if not compelled, to protect the public.  *Id.* at 23.  The court no doubt would have denied a request for a departure if one had been requested under § 5K2.13.  *See* U.S.S.G. § 5K2.13 (a court may not depart if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence" or if "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public").[2]

---

[2] Nor has Movant explained how his mental health condition contributed in any way to his commission of the offenses of conviction.  *See Soliman*, 954 F.2d 1012, 1014 (clarifying that,

On this record, Movant cannot show that his trial counsel performed deficiently by failing to request a downward departure under § 5K2.13 or that the lack of such a request caused prejudice. As to the latter, Movant wholly fails to allege, much less demonstrate, prejudice—namely that counsel's actions resulted in an increase in his sentence. *See Glover*, 531 U.S. at 203-04. Movant only complains that his sentence was *not decreased* on the basis discussed here. His claim of ineffective assistance of counsel therefore lacks merit.

## IV.    CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 28th day of May, 2026.

_____
UNITED STATE DISTRICT JUDGE

---

while a defendant's reduced mental capacity need not be the sole cause of the offense, it must be a contributing cause). Moreover, if Movant was under the influence of drugs when he committed the charged offenses, he would be unable to make the requisite showing. Section 5K2.13 provides that the impairment from which the defendant was suffering at the time he committed the offense must not have resulted from the voluntary use of drugs or other intoxicants. The record reveals that Movant had a long history of drug abuse. PSR ¶¶ 88-92.